**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **JOHN NASH**,<br><br>    Plaintiff,<br><br>    v.<br><br>**STERIS PLC, STERIS INSTRUMENT MANAGEMENT SERVICES, INC., 3M COMPANY**,<br><br>    Defendants. | Case No. |

**3M COMPANY'S NOTICE OF REMOVAL**

Defendant 3M Company (3M), with the consent of all other properly joined and served defendants, by and through their attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action, which has been pending as case No. 2025L015969 in the Circuit Court of the State of Illinois, Cook County, Law Division, to the United States District Court for the Northern District of Illinois. The written Joinder and Consent to Removal of Defendants Steris plc ("Steris") and Steris Instrument Management Services, Inc. ("SIMS") is attached hereto as **Exhibit A**.

Federal jurisdiction exists in this action because there is complete diversity among the properly joined parties. 3M, Steris, and SIMS (collectively, "Defendants") are not citizens of Illinois. In addition, the amount in controversy exceeds $75,000. Accordingly, this Court properly has diversity jurisdiction over this matter.

3M states the following grounds for removal:

**BACKGROUND**

1.      Plaintiff John Nash filed this personal injury action alleging occupational exposure

to ethylene oxide ("EtO") on December 31, 2025, in the Circuit Court of Cook County, Illinois. As discussed further below, Plaintiff filed his Amended Complaint on April 21, 2026. *See generally* Am. Compl. Plaintiff alleges that while he was employed as a sterilization technician by SIMS and contracted to work at the University of Illinois Hospital & Health Sciences System ("UIC Health") between 2015 and 2018, he was exposed to EtO generated from machines manufactured by Steris and 3M (together, the "Manufacturing Defendants"). *See* Am. Compl., at ¶¶ 1-3. Further, Plaintiff alleges that while employed by SIMS, he was not provided with adequate ventilation, respiratory protection, and/or safe working conditions. *Id.*, at ¶ 4. As a result of alleged exposure to and inadequate protections against EtO emissions, Plaintiff contends that he developed diffuse large B-cell lymphoma ("DLBCL"). *Id.*

## LEGAL STANDARD

2.     Removal is governed by 28 U.S.C. § 1441. A defendant may remove a case to federal court if there is federal subject matter jurisdiction, § 1441(a), or when there is diversity of citizenship, § 1441(b). Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interests and costs. 28 U.S.C. § 1332; *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2014). Further, under the forum defendant rule, diversity jurisdiction also requires that no defendant "properly joined and served" be "a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2); *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 378 (7th Cir. 2000). "The party seeking removal has the burden of establishing federal jurisdiction." *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009).

## GROUNDS FOR REMOVAL

3.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §

1332. The action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between Plaintiff and Defendants, (iii) all Defendants consent to removal, (iv) this case satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a), (v) this Court is the proper venue, and (vi) 3M has satisfied the procedural requirements for removal.

## I.      Removal is Timely.

4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) for the following reasons:

a)      Plaintiff filed his initial Complaint on December 31, 2025. *See generally* Compl.

b)      Plaintiff's initial Complaint named four defendants: Steris, 3M Company, The Board of Trustees of the University of Illinois ("UIC Health"), and University of Chicago Medical Center ("UChicago Medicine"). *See generally id.*

c)      Because UIC Health and UChicago Medicine are both citizens of Illinois, this action was not removable under 28 U.S.C. § 1332(a), or any other basis, at the time the initial Complaint was filed.

d)      During the April 7, 2026 Case Management Conference for this action, counsel for Plaintiff informed counsel for Defendants that Plaintiff intended to file an amended complaint and that UChicago Medicine was to be dismissed without prejudice, but the "case remains pending with respect to all other defendant[s]." *See* 4/7/2026 Case Management Order, Case No. 2025L015969.

e)      UChicago Medicine was subsequently dismissed without prejudice on April 7, 2026. *See id.*

f)      Because UIC Health was still a defendant at this time, the case was not removable on diversity jurisdiction grounds.

g)      Plaintiff filed his Amended Complaint on April 21, 2026. This is the first time Defendants were made aware that UIC Health would also no longer be a defendant in this case.

h)      Accordingly, removal of this case is timely because it first became removable on April 21, 2026, and 3M filed this Notice of Removal within thirty days of this case becoming removable, pursuant to 28 U.S.C. § 1446(b)(3).

**II.     Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.**

5.      Plaintiff is a citizen of the state of Illinois. Steris is an Irish corporation organized under the laws of Ireland with its principal place of business in Mentor, Ohio. SIMS is a Delaware corporation with its principal place of business in Birmingham, Alabama. 3M is a Delaware corporation with its principal place of business in Maplewood, Minnesota. Accordingly, because no Defendant is a citizen of Illinois, complete diversity exists among the parties.

6.      Further, because no Defendant is a citizen of the state of Illinois, the forum defendant rule does not preclude removal here. *See* 28 U.S.C. § 1441(b)(2).

**III.    All Defendants Consent to Removal.**

7.      All Defendants consent to removal. Defendants Steris and SIMS' Joinder and Consent to Removal is attached to this Notice of Removal as **Exhibit A**.

**IV.    The Amount in Controversy Requirement is Met.**

8.      For the following reasons, 3M has a good-faith belief that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs:

a)      The "amount in controversy" requirement for diversity jurisdiction must be

satisfied by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B).

b) "As the 'proponent of federal jurisdiction,' the defendant is 'entitled to present its own estimate.'" *Johnson v. BetterVet, LLC*, 728 F. Supp. 3d 881, 885 (N.D. Ill. 2024) (quoting *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011)). "In evaluating the defendant's estimate, the question of whether the amount in controversy exceeds the $75,000 jurisdictional minimum is a 'prediction' and 'not a fact.'" *Id.* (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). "The standard for evaluating the allegations put forth in a Notice of Removal is similarly low: 'a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Id.* (emphasis in original) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)). "Once a proponent for federal jurisdiction has made a good-faith estimate of the amount in controversy, federal jurisdiction will be defeated only if the plaintiff can show that a recovery of that amount is 'legally impossible.'" *Id.* at 887 (quoting *Back Doctors Ltd.*, 637 F.3d at 830).

c) In the Amended Complaint, Plaintiff asserts that he "seeks damages in excess of $50,000 for personal injuries arising from Defendants' tortious conduct." Am. Compl., at ¶ 17.

d) Where, as here, state law prohibits plaintiffs from specifying the exact amount of damages sought, *see* 735 ILCS 5/2-604, courts look to the nature and seriousness of plaintiffs' allegations to determine if 28 U.S.C. § 1332(a)(1)'s "amount in controversy" requirement is met. *See, e.g.*, *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997) (affirming denial of remand because amount in controversy was satisfied based on, among other things, plaintiff's allegations of "serious, disabling

physical and mental injuries that would result in loss of future earning potential"); *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 948 (N.D. Ill. 2005) (allegations of "severe and permanent injuries" warranted finding that more than $75,000 was in controversy).

e)      Plaintiff is seeking compensatory damages for what he refers to as "life-altering" and "serious injuries, including the development of DLBCL." *Id.*, at ¶¶ 30, 61. Specifically, Plaintiff claims the following injuries are attributable to Defendants' conduct: "significant cancer treatments, including chemotherapy, blood transfusions, and CAR-T therapy," *id.* at ¶ 62; stomach surgery related to treatment side effects that resulted in the removal of one-third of his stomach, *id.*, at ¶ 63; Plaintiff "has coughed up blood, has been bedridden, and has experienced chronic fatigue since his diagnosis," *id.* at ¶ 64; Plaintiff "continues to struggle with walking, standing, and even breathing," *id.*; Plaintiff's "condition has affected his appetite and has induced significant, concerning weight loss," *id.*; Plaintiff's "condition has further caused him to develop depression, stress, and other negative mental health consequences," *id.*, at ¶ 65; and because of "the demands of his treatment and the severity of his condition, John has been unable to work and is currently fully disabled," *id.*, at ¶ 66. Plaintiff also explicitly mentions his "young age of 32" when he was diagnosed with DLBCL on March 28, 2023, before confirming that, "[s]ince his diagnosis, John has been unable to work due to the demands of his medical treatment and advancement of his condition." *Id.* at ¶¶ 20-21.

f)      Plaintiff also compares the present case to a different EtO exposure case against SIMS' parent company that resulted in a $48 million settlement. *Id.* at ¶ 27 (citing an article about this settlement). Plaintiff explicitly mentions this $48 million settlement in

his Amended Complaint, evidencing his intent to seek damages far in excess of $75,000. *See id.* ("In fact, SIMS's parent company agreed to settle hundreds of lawsuits involving claims associated with ethylene oxide emissions from a Waukegan plant operated by a subsidiary. The case settled for $48 million in Cook County.").

g)  Based on Plaintiff's explicit comparison to a multi-million settlement with injuries and defendants similar to the present case and his allegation of "life-altering" injuries, including multiple surgeries, continuing cancer treatments, physical injuries and pain, mental health injuries, limitations on activities of daily life, and full disability with an inability to work despite being only 32 years old, there is sufficient evidence to demonstrate that Plaintiff intends to seek damages in excess of $75,000.

**V.     Venue is Proper in the Northern District of Illinois, Eastern Division.**

9.  Venue for removal is proper in this District and Division under 28 U.S.C. § 1441(a).

10.  The Circuit Court of Cook County, Illinois, is located within the Northern District of Illinois, Eastern Division.

11.  Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1441(a).

**VI.    3M Satisfied the Procedural Requirements for Removal.**

1.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached hereto as **Exhibit B**.

2.  Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the Clerk for the Circuit Court of Cook County, Law Division. (*See* **Exhibit C**, Notice of Filing Notice of Removal).

3.  Pursuant to 28 U.S.C. § 1446(d), 3M is providing written notice to Plaintiff.

4. Accordingly, the prerequisites for removal under 28 U.S.C. § 1441 have been met.

## CONCLUSION

WHEREFORE, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and 3M, with the written consent of all other properly joined and served defendants, respectfully removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, as an action properly removed under 28 U.S.C. §§ 1441 and 1446.

Dated: May 19, 2026

Respectfully submitted,

By: s/ Sean J. Powell
Sean J. Powell (ARDC # 6324518)
Elizabeth C. Christen (ARDC # 6308743)
Nikolas G. Spilson (ARDC # 6346299)
**Faegre Drinker Biddle & Reath LLP**
320 S. Canal Street, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1483
E-mail: sean.powell@faegredrinker.com
E-mail: elizabeth.christen@faegredrinker.com
E-mail: nikolas.spilson@faegredrinker.com

*Counsel for Defendant 3M Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on May 19, 2026, he caused a copy of the foregoing

**3M COMPANY'S NOTICE OF REMOVAL**, to be served on the Plaintiff by sending a copy

thereof via electronic mail to the following attorneys for Plaintiff:

Martin W. Jaszcuk
Margaret M. Schuchardt
Akshay Soman
Jaszcuk P.C.
311 South Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel: (312) 442-0509
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
asoman@jaszczuk.com

By: */s/ Sean J. Powell*
Sean J. Powell